**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEDIDIAH BROWN, an individual; | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: |
| v. | ) | |
| TIFFANY HENYARD, individually and in her official | ) | Judge: |
| capacity as Thornton Township Supervisor; KAMAL | ) | |
| WOODS, individually and in his official capacity as | ) | |
| Thornton Township employee; DEMARCUS | ) | |
| CRIGGLEY, and in his official capacity as Village of | ) | |
| Dolton employee; SOUTH HOLLAND POLICE | ) | |
| DEPARTMENT, a governmental entity; and | ) | |
| THORNTON TOWNSHIP, a governmental entity; | ) | |
| ALLPOINTS SECURITY AND DETECTIVE, INC., an | ) | |
| Illinois corporation; SERGEANT STORM, an | ) | |
| individual; JOHN DOE, an individual, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, JEDIDIAH BROWN, by and through his attorneys, CUSTARDO LAW LLC, file this Complaint against the Defendants, TIFFANY HENYARD, individually and in her official capacity as Thornton Township Supervisor; KAMAL WOODS, individually and in his official capacity as Thornton Township employee; DEMARCUS CRIGGLEY, individually and in his official capacity as Village of Dolton employee; SOUTH HOLLAND POLICE DEPARTMENT, a governmental entity; THORNTON TOWNSHIP, a governmental entity; ALLPOINTS SECURITY AND DETECTIVE, INC., an Illinois corporation; SERGEANT STORM, an individual, and JOHN DOE, an individual, and states as follows:

**NATURE OF THE ACTION**

1.      This is a civil rights action brought under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments to the United States Constitution, along with Illinois common

law claims for assault and battery. Plaintiff was violently attacked in retaliation for exercising his constitutional rights to free speech, expression, and association.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, as Plaintiff's claims arise under the Constitution and laws of the United States.

3.      The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367, as they form part of the same case or controversy.

4.      Venue is proper under 28 U.S.C. § 1391(b), as a substantial portion of the events giving rise to this action occurred within this District.

## PARTIES

5.      Plaintiff JEDIDIAH BROWN ("Plaintiff") resides in Cook County, Illinois.

6.      Defendant TIFFANY HENYARD ("HENYARD") is the Supervisor of Thornton Township and resides in Cook County, Illinois.

7.      Defendant KAMAL WOODS ("WOODS") is an employee of Thornton Township and a close associate of Defendant Henyard, and resides in Cook County, Illinois.

8.      Defendant DEMARCUS CRIGGLEY ("CRIGGLEY") is an employee of the Village of DOLTON, and a known associate of Defendants WOODS and HENYARD, and resides in Cook County, Illinois.

9.      Defendant SOUTH HOLLAND POLICE DEPARTMENT ("SHPD") is a governmental entity responsible for law enforcement and public safety within its jurisdiction, the Village of South Holland, located in Cook County, Illinois.

10.     Defendant THORNTON TOWNSHIP is a governmental entity responsible for the governance of Thornton Township in Cook County, Illinois, including security measures at its public meetings.

11.    Defendant ALLPOINTS SECURITY AND DETECTIVE, INC. ("ALLPOINTS"), an Illinois corporation, is a private security company that was upon information and belief acting under the authority of either HENYARD or THORNTON TOWNSHIP to provide security at Thornton Township regular meetings since at least 2024.

12.    Defendant SERGEANT STORM, an individual, was upon information and belief an employee of ALLPOINTS acting under the authority of THORNTON TOWNSHIP or HENYARD.

13.    Defendant JOHN DOE, an individual, was upon information and belief an employee of ALLPOINTS acting under the authority of THORNTON TOWNSHIP or HENYARD.

**FACTUAL ALLEGATIONS**

14.    On January 28, 2025, a regularly scheduled Thornton Township meeting took place where public comments were allowed.

15.    Plaintiff, a well-known critic of Defendant TIFFANY HENYARD, participated in the public comment portion of the meeting and made remarks directed at Defendant HENYARD.

16.    As Plaintiff was concluding his comments, Defendant KAMAL WOODS approached him from behind in a menacing manner and called Plaintiff a "bitch," and threatened to hurt him. Defendant LAMARCUS CRIGGLEY also called LAVELL REDMOND a "bitch" and that he threatened to hurt him, as well. WOODS and CRIGGLEY also stated that there was a "green light" on either one or both of Plaintiff and REDMOND to physically harm them[1].

17.    REDMOND intervened in an attempt to mediate and prevent any physical altercation between all the parties.

18.    Defendant WOODS then physically pushed REDMOND and swung at REDMOND, prompting REDMOND to defend himself and Plaintiff by punching WOODS.

---

[1] *Green-light*: "to give permission for something to happen."
https://dictionary.cambridge.org/us/dictionary/english/green-light

19.     WOODS then dragged Plaintiff to the ground and a melee ensued.

20.     During this melee, Defendant HENYARD first physically attacked REDMOND by hitting him with her microphone, then physically attacked Plaintiff by hitting Plaintiff in his back and head with her microphone while he was down on the ground.

21.     During this melee, Defendant CRIGGLEY physically attacked Plaintiff by kicking Plaintiff in his face while he was down on the ground and while he was being held back/choked by HENYARD and WOODS.

22.     Upon information and belief, JOHN DOE also kicked and/or stomped Plaintiff during the melee and pulled him to the ground.

23.     After being kicked in the face by CRIGGLEY, Plaintiff was able to get to his feet and was confronted by SERGEANT STORM, who was wearing all black with a vest indicating "Officer" on it and was involved in the melee.

24.     SERGEANT STORM and JOHN DOE, who were holding out to be security guards hired by ALLPOINTS for the Township Meeting, were in close proximity and had the opportunity to prevent or de-escalate the altercation but both failed to do so.

25.     Instead, SERGEANT STORM picked Plaintiff up and carried him to a separate room where JOHN DOE also entered shortly thereafter and closed the door behind them.

26.     Both SERGEANT STORM and JOHN DOE grabbed Plaintiff and began to wrestle him to the ground.

27.     While on the ground, SERGEANT STORM physically restrained Plaintiff against his will and hit him several times, banging plaintiff's head and elbows against the wall and floor.

28.     After fighting both men for approximately 1 minutes 30 seconds, Plaintiff broke free and ran out of the room.

29.     After leaving the side room and returning to the main room, Plaintiff was met by another Thornton Township employee (name unknown) who hit Plaintiff's neck hard.

30.     Shortly thereafter, Plaintiff was pushed in the back by a female, who upon information and belief was a companion of CRIGGLEY.

31.     Upon information and belief, WOODS subsequently kicked Plaintiff in the lower abdomen.

32.     After this, Plaintiff exited the Township Hall and went outside, where residents who were present during the meeting invited Plaintiff to sit in their car to avoid further physical altercations.

33.     After the melee, Plaintiff noticed he was missing three lower dental veneers.

34.     Due to the highly publicized meetings involving Henyard, the majority of the melee was captured on several videos cameras—both by residents filming with their cell phones and by the news media with professional cameras.

35.     At least one of the videos revealed that one of the assailants in the melee had a knife.  Upon information and belief, this assailant was an associate of WOODS.

36.     Further, videos of the melee reveal CRIGGLEY handing a bag to his female companion which upon information and belief contained a handgun.

37.     After a few minutes of waiting in the car, Plaintiff went to the SHPD to report what happened to him and file a police report against HENYARD, WOODS, CRIGGLEY, and all other unknown individuals.

38.     However, certain officers at the SHPD did not make Plaintiff feel comfortable during this time; instead, Plaintiff was treated as an aggressor by law enforcement, further demonstrating bias and institutional failure.

39.     Defendants ALLPOINTS, SHPD, and THORNTON TOWNSHIP, through their officers and security personnel, failed to intervene despite knowing that past Township meetings had been contentious and at times violent.

40.     The following day, on January 29, 2025, Plaintiff filed and was granted an emergency restraining order against HENYARD and WOODS in the Circuit Court of Cook County.

41.     That same day, on January 29, 2025, Plaintiff went to the Emergency Room for the injuries to his face, abdomen, elbows, and back.

**<u>COUNT I</u>**
**FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983**
**FREEDOM OF SPEECH**
**AGAINST ALL DEFENDANTS**

NOW COMES the Plaintiffs, JEDIDIAH BROWN, by and through his attorneys, for his Complaint against the Defendants, TIFFANY HENYARD, individually and in her official capacity as Thornton Township Supervisor, KAMAL WOODS, individually and in his official capacity as Thornton Township employee; DEMARCUS CRIGGLEY, individually and in his official capacity as Village of Dolton employee; SOUTH HOLLAND POLICE DEPARTMENT, THORNTON TOWNSHIP, ALLPOINTS SECURITY AND DETECTIVE, INC., SERGEANT STORM, and JOHN DOE, for a violation of 42 U.S.C. § 1983 ("§ 1983"), a violation of Plaintiff's First Amendment (as incorporated through the Fourteenth Amendment) Rights of Free Speech, and in support thereof states and alleges as follows:

1–41.   Plaintiff incorporates all preceding paragraphs as if fully restated herein.

42.     Plaintiff was participating in the public comment period of a THORNTON TOWNSHIP meeting on January 28, 2025.

43.     His speech was political in nature, criticizing Township Supervisor TIFFANY HENYARD, a public official.

44.     Political speech in public forums enjoys the highest level of protection under the First Amendment.

45.     The timing of the Defendants' attacks—immediately after Plaintiff finished his comments—indicates that Defendants' actions were directly motivated by his speech.

46. Defendant HENYARD had a personal and political interest in silencing Plaintiff, a well–known critic of HENYARD.

47. The physical intimidation and attack served to suppress dissent, sending a chilling message that criticism of HENYARD would result in violence or inaction by security forces.

48. Plaintiff was engaging in constitutionally protected speech during a public meeting.

49. Defendants HENYARD, WOODS, and CRIGGLEY, SERGEANT STORM, and JOHN DOE, acting in concert, sought to suppress this speech through intimidation and physical force.

50. Defendants' actions violated Plaintiff's rights under the First Amendment to the U.S. Constitution.

51. ALLPOINTS, SHPD, and THORNTON TOWNSHIP acted under color of law when they failed to intervene, despite knowing that past meetings had been contentious. Their inaction contributed to the violation of Plaintiff's First Amendment rights.

52. Defendants physically intimidated, assaulted, and allowed violence against Plaintiff in retaliation for political speech critical of a government official. This constitutes a clear violation of the First Amendment under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff JEDIDIAH BROWN prays for judgment against all Defendants as follows:

A. Compensatory damages in an amount to be determined at trial;
B. Punitive damages against all Defendants for their malicious and willful conduct;
C. Declaratory relief stating that Defendants violated Plaintiffs' constitutional rights;
D. Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
E. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
F. Any such other further relief as the Court deems just and proper.

**COUNT II**
**VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)**
**AGAINST SOUTH HOLLAND POLICE DEPARTMENT AND THORNTON TOWNSHIP**

NOW COMES the Plaintiff, JEDIDIAH BROWN, by and through his attorneys, for his Complaint against the Defendants, SOUTH HOLLAND POLICE DEPARTMENT and THORNTON TOWNSHIP, for a violation of 42 U.S.C. § 1983 ("§ 1983"), a violation of the Plaintiffs' Fourteenth Amendment Due Process Rights, and in support thereof states and alleges as follows:

1–52.   Plaintiff incorporates all preceding paragraphs as if fully restated herein.

53.   The SHPD and THORNTON TOWNSHIP had a duty to maintain order and prevent foreseeable harm at the public meeting.

54.   They were aware that past meetings had been contentious and sometimes violent.

55.   Security personnel were nearby and had the ability to intervene but failed to do so.

56.   Under the Fourteenth Amendment, individuals have the right to personal security and bodily integrity.

57.   By failing to intervene, the government actors (police and Township security) effectively allowed the attack on Plaintiff to occur.

58.   This amounts to an unjustified deprivation of his right to bodily integrity under the substantive due process clause.

59.   This failure to act despite a known and immediate risk to safety constitutes a state–created danger, violating substantive due process.

60.   HENYARD, as an elected official in the middle of the Township meeting, actively participated in the altercation.

61.   Her position of authority and government role mean that her physical attack was state action, not just a private act.

62. Government officials cannot engage in physical violence against citizens in retaliation for speech—this reinforces the due process violation.

63. Defendants, SHPD and THORNTON TOWNSHIP, acting under color of law, deprived Plaintiff of his rights to bodily integrity and personal security.

64. The failure of Defendants SHPD and THORNTON TOWNSHIP to prevent the altercation or provide adequate security violated Plaintiff's due process rights under the Fourteenth Amendment.

65. Because the government actors failed to act when they had a duty to intervene (state–created danger) and an elected official (HENYARD) personally engaged in violence (as well as Thornton Township employee WOODS and Village of Dolton employee CRIGGLEY, and the SERGEANT STORM), these actions deprived the plaintiffs of their liberty and bodily integrity without due process of law.

WHEREFORE, Plaintiff JEDIDIAH BROWN prays for judgment against all Defendants as follows:

A. Compensatory damages in an amount to be determined at trial;
B. Punitive damages against all Defendants for their malicious and willful conduct;
C. Declaratory relief stating that Defendants violated Plaintiffs' constitutional rights;
D. Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
E. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
F. Any such other further relief as the Court deems just and proper.

### COUNT III
### ASSAULT
### AGAINST KAMAL WOODS AND DEMARCUS CRIGGLEY

NOW COMES the Plaintiff, JEDIDIAH BROWN, for his claims for Assault against the Defendants, KAMAL WOODS and DEMARCUS CRIGGLEY, and in support thereof state as follows:

1–65. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

66.     WOODS and CRIGGLEY intentionally made verbal threats that they would touch Plaintiff in a physical manner as described above.

67.     WOODS and CRIGGLEY had an apparent ability to cause harm to Plaintiff.

68.     The threats made by WOODS and CRIGGLEY caused Plaintiff to be reasonably apprehensive that he would be subjected to imminent offensive and harmful physical contact and bodily harm.

69.     Plaintiff was damaged by WOODS' and CRIGGLEY's conduct, in that he suffered emotional distress and the loss of enjoyment of the ordinary pleasures of life, which damages continue.

WHEREFORE, Plaintiff JEDIDIAH BROWN prays for judgment against all Defendants as follows:

A.  Compensatory damages in an amount to be determined at trial;
B.  Punitive damages against all Defendants for their malicious and willful conduct;
C.  Declaratory relief stating that Defendants violated Plaintiffs' constitutional rights;
D.  Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
E.  Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
F.  Any such other further relief as the Court deems just and proper.

## COUNT IV
### BATTERY
### AGAINST TIFFANY HENYARD, KAMAL WOODS,
### DEMARCUS CRIGGLEY, SERGEANT STORM, and JOHN DOE

NOW COMES the Plaintiff, JEDIDIAH BROWN, for his claim for Battery against the Defendants, TIFFANY HENYARD, KAMAL WOODS, DEMARCUS CRIGGLEY, SERGEANT STORM, and JOHN DOE, and in support thereof state as follows:

1–69.   Plaintiff incorporates all preceding paragraphs as if fully restated herein.

70.     WOODS battered Plaintiff by pushing, choking, grabbing, kicking, and punching him without justification.  WOODS' actions were an intentional touching, or the application of force, to the body of Plaintiff.

71.   HENYARD battered Plaintiff by hitting him in the back of the head and back with a microphone and choking him without justification.  HENYARDS' actions were an intentional touching, or the application of force, to the body of Plaintiff.

72.   CRIGGLEY battered Plaintiff by kicking him in the face multiple times without justification.  CRIGGLEY's actions were an intentional touching, or the application of force, to the body of Plaintiff.

73.   SERGEANT STORM battered Plaintiff by pushing, grabbing, restraining, and punching him without justification.  SERGEANT STORM actions were an intentional touching, or the application of force, to the body of Plaintiff.

74.   JOHN DOE battered Plaintiff by kicking/stomping, grabbing, and wrestling him without justification.  JOHN DOE's actions were an intentional touching, or the application of force, to the body of Plaintiff.

75.   The actions by Defendants were of a harmful and offensive manner and intent.

76.   Plaintiff never consented to Defendants' touchings.

77.   Defendants' actions were intentional, offensive, and without legal justification.

WHEREFORE, Plaintiff JEDIDIAH BROWN prays for judgment against all Defendants as follows:

A.   Compensatory damages, including medical and dental expenses, medical bills and treatment costs, and emotional distress / pain and suffering, in an amount to be determined at trial;
B.   Punitive damages against all Defendants for their malicious and willful conduct;
C.   Declaratory relief stating that Defendants violated Plaintiffs' constitutional rights;
D.   Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
E.   Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
F.   Any such other further relief as the Court deems just and proper.

## COUNT V
## NEGLIGENCE
### AGAINST ALLPOINTS SECURITY AND DETECTIVE, INC., SOUTH HOLLAND POLICE DEPARTMENT, AND THORNTON TOWNSHIP

NOW COMES the Plaintiff, JEDIDIAH BROWN, for his claims for Negligence against the Defendants, ALLPOINTS SECURITY AND DETECTIVE, INC., SOUTH HOLLAND POLICE DEPARTMENT, and THORNTON TOWNSHIP, and in support thereof state as follows:

1–77.   Plaintiff incorporates all preceding paragraphs as if fully restated herein.

78.     Defendants ALLPOINTS, SHPD, and THORNTON TOWNSHIP owed a duty of care to Plaintiff to maintain order and prevent foreseeable violence at a public meeting.

79.     Defendants breached their duty by failing to intervene despite knowing the contentious nature of past meetings.

80.     Defendants' inactions caused the Plaintiff's harm.

81.     As a direct and proximate result, Plaintiff suffered physical injuries.

82.     ALLPOINTS, SHPD, and THORNTON TOWNSHIP were responsible for maintaining order and security at the public meeting.

83.     Given the history of contentious meetings, Defendants had a foreseeable duty to prevent violence.

84.     In fact, Plaintiff had on several occasions in the preceding months gone to SHPD and THORNTON TOWNSHIP asking for a police presence at the regular Township Meetings because he did not feel safe, but was denied— being told things to the effect of: (1) HENYARD did not ask for additional security, (2) HENYARD has her own security apparatus, or (3) Defendants did not have the resources to provide a presence.

85.     During the January 28, 2025 Township Meeting, a South Holland police officer or security guard was nearby and had the ability to stop the altercation before it escalated.

86.     Security personnel and law enforcement failed to intervene in the moment despite clear warning signs (e.g., previous requests for police presence and WOODS and CRIGGLEY approaching Plaintiff menacingly after his public comment during the meeting).

87.     When the physical altercation broke out, Defendants did not immediately step in to stop the violence.

88.     THORNTON TOWNSHIP and its leadership failed to implement proper security measures, despite past incidents of hostility at meetings.

89.     Because law enforcement and security failed to act, the situation escalated, leading to physical violence against Plaintiff.

90.     Had security or police intervened in time, the physical attacks could have been prevented.

91.     Plaintiff was physically attacked by WOODS, HENYARD, CRIGGLEY, and the SERGEANT STORM.

92.     Plaintiff was placed in immediate danger due to WOODS and CRIGGLEY's aggressions.

93.     Plaintiff experienced emotional distress and physical harm as a result of the Defendants' failure to act.

94.     Because ALLPOINTS, SHPD, and Thornton Township failed to take reasonable steps to prevent foreseeable violence, they breached their duty of care. This breach directly led to Plaintiffs' harm, making them liable for negligence.

WHEREFORE, Plaintiff JEDIDIAH BROWN prays for judgment against all Defendants as follows:

A.  Compensatory damages in an amount to be determined at trial;
B.  Punitive damages against all Defendants for their malicious and willful conduct;
C.  Declaratory relief stating that Defendants violated Plaintiffs' constitutional rights;

D. Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
E. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
F. Any such other further relief as the Court deems just and proper.

**COUNT VI**
**FALSE IMPRISONMENT**
**AGAINST SERGEANT STORM**

NOW COMES the Plaintiff, JEDIDIAH BROWN, for his claim for Battery against the Defendant, SERGEANT STORM, and in support thereof state as follows:

1–94. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

95. Plaintiff was knowingly and completely restrained by SERGEANT STORM in a private room with the door closed, and while being physically attacked.

96. SERGEANT STORM acted without having reasonable grounds to believe that Plaintiff committed an offense—as he was a direct witness in the middle of the melee and saw WOODS and CRIGGLEY start the brawl.

97. The confinement was through physical force, physical barrier, and/or threat of physical force.

WHEREFORE, Plaintiff JEDIDIAH BROWN prays for judgment against all Defendants as follows:

G. Compensatory damages in an amount to be determined at trial;
H. Punitive damages against all Defendants for their malicious and willful conduct;
I. Declaratory relief stating that Defendants violated Plaintiffs' constitutional rights;
J. Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
K. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
L. Any such other further relief as the Court deems just and proper.

**COUNT VII**
**EXCESSIVE FORCE (42 U.S.C. § 1983)**
**AGAINST SERGEANT STORM**

NOW COMES the Plaintiff, JEDIDIAH BROWN, for his claim for Excessive Force, a violation of 42 U.S.C. § 1983 ("§ 1983"), Plaintiff's Fourth Amendment Rights (as incorporated

through the Fourteenth Amendment) against the Defendant, SERGEANT STORM, and in support thereof state as follows:

1–97.    Plaintiff incorporates all preceding paragraphs as if fully restated herein.

98.    Plaintiff was knowingly and completely restrained by SERGEANT STORM in a private room with the door closed, and physically attacked by SERGEANT STORM.

99.    The confinement was through physical force, physical barrier, and/or threat of physical force.

100.    SERGEANT STORM, acting under the color of law, acted without having reasonable grounds to believe that Plaintiff committed an offense—as SERGEANT STORM was a direct witness in the middle of the melee and saw WOODS and CRIGGLEY start the brawl.

101.    Without regard to his underlying intent or motivation, SERGEANT STORM'S actions (picking up Plaintiff and taking him to a private room to physically attack him with the door closed) were objectively unreasonable in light of the facts and circumstances confronting him.

WHEREFORE, Plaintiff JEDIDIAH BROWN prays for judgment against all Defendants as follows:

    A.    Compensatory damages in an amount to be determined at trial;
    B.    Punitive damages against all Defendants for their malicious and willful conduct;
    C.    Declaratory relief stating that Defendants violated Plaintiffs' constitutional rights;
    D.    Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
    E.    Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
    F.    Any such other further relief as the Court deems just and proper.

## COUNT VIII
### COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST ALL DEFENDANTS

NOW COMES the Plaintiff, JEDIDIAH BROWN, by and through his attorneys, for his Complaint against the Defendants, Defendants, TIFFANY HENYARD, individually and in her

official capacity as Thornton Township Supervisor, KAMAL WOODS, individually and in his official capacity as Thornton Township employee; DEMARCUS CRIGGLEY, individually and in his official capacity as Village of Dolton employee; SOUTH HOLLAND POLICE DEPARTMENT, THORNTON TOWNSHIP, ALLPOINTS SECURITY AND DETECTIVE, INC., SERGEANT STORM, and JOHN DOE, for intentional infliction of emotional distress, and in support thereof states and alleges as follows:

1–101. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

102.    Defendants' conduct described above—physically attacking Plaintiff in retaliation for engaging in free speech in a public forum—was truly extreme and outrageous and goes beyond all possible bounds of decency.

103.    Defendants either intended that their conduct would inflict severe emotional distress or knew that there was at least a high probability that their conduct would cause severe emotional distress when they retaliated against Plaintiff.

104.    Plaintiff suffered severe or extreme emotional distress after Defendants' actions.

105.    Defendants' conduct actually and proximately caused Plaintiff's emotional distress.

106.    A defendant in a tort case "must take his plaintiff as he finds him, even if he is more susceptible to injury than the average person." *Zurba v. United States*, 247 F. Supp. 2d 951, 962 (N.D. Ill. 2001); *Reed v. Union Pacific Railroad Co.*, 185 F.3d 712, 717 (7th Cir. 1999); *Colonial Inn Motor Lodge, Inc. v. Gay,* 288 Ill. App. 3d 32, 45, 680 N.E.2d 407, 416 (1997).

WHEREFORE, the Plaintiff, JEDIDIAH BROWN, requests that judgment be entered against Defendants, TIFFANY HENYARD, individually and in her official capacity as Thornton Township Supervisor, KAMAL WOODS, individually and in his official capacity as Thornton Township employee; DEMARCUS CRIGGLEY, individually and in his official capacity as Village of

Dolton employee; SOUTH HOLLAND POLICE DEPARTMENT, THORNTON TOWNSHIP, SERGEANT

STORM, and JOHN DOE and that this Court award him the following relief:

A. Compensatory damages in an amount to be determined at trial;
B. Punitive damages against all Defendants for their malicious and willful conduct;
C. Declaratory relief stating that Defendants violated Plaintiffs' constitutional rights;
D. Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
E. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
F. Any such other further relief as the Court deems just and proper.

## COUNT IX
### CONSPIRACY UNDER 42 U.S.C. § 1983
### AGAINST HENYARD AND WOODS

NOW COMES the Plaintiff, JEDIDIAH BROWN, by and through his attorneys, for his

Complaint against the Defendants, TIFFANY HENYARD, individually and in her official capacity

as Thornton Township Supervisor, KAMAL WOODS, individually and in his official capacity as

Thornton Township employee, for Civil Conspiracy under 42 U.S.C. § 1983, and in support

thereof states and alleges as follows:

1–106. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

107. Plaintiff was deprived of his constitutional rights when he was physically

attacked in retaliation for engaging in free speech in a public forum criticizing the actions of

HENYARD as Township Supervisor.

108. Furthermore, during the Township meeting on January 28, 2025, the topic of

whether HENYARD's boyfriend, WOODS, would be terminated from his employment with

THORNTON TOWNSHIP was discussed according to the agenda and voted on. During the regular

meeting, the Township Trustees voted to terminate WOODS' employment. However, if the

regular meeting could not be adjourned properly, then the vote would not formally go through.

109. Upon information and belief, WOODS and HENYARD made an agreement to

deprive Plaintiff of his constitutional rights of freedom of speech by physically attacking him

during the meeting, which would cause the suspension of the regular meeting, and in so doing, suspend WOODS' termination from THORNTON TOWNSHIP.

110.    There was an actual deprivation of Plaintiff's rights arising from overt acts in furtherance of Defendants' agreement in that he suffered physical harm and injuries as a result of the Defendants' attacks on Plaintiff.

WHEREFORE, the Plaintiff, JEDIDIAH BROWN, requests that judgment be entered against Defendants, TIFFANY HENYARD, individually and in her official capacity as Thornton Township Supervisor, KAMAL WOODS, individually and in his official capacity as Thornton Township employee, and that this Court award him the following relief:

A. Compensatory damages in an amount to be determined at trial;
B. Punitive damages against all Defendants for their malicious and willful conduct;
C. Declaratory relief stating that Defendants violated Plaintiffs' constitutional rights;
D. Injunctive relief requiring Thornton Township to implement security protocols to prevent future incidents at all public meetings;
E. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
F. Any such other further relief as the Court deems just and proper.

## COUNT X
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION
## AGAINST ALLPOINTS SECURITY

NOW COMES the Plaintiff, JEDIDIAH BROWN, for his claims for Negligence against the Defendants, ALLPOINTS SECURITY AND DETECTIVE, INC., and in support thereof state as follows:

1–110. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

111.    Plaintiff, attended a Township meeting on January 28, 2025 where ALLPOINTS was contracted to provide security services by either THORNTON TOWNSHIP or HENYARD.

112.    On January 28, 2025, while Plaintiff was lawfully speaking at the Township meeting, an ALLPOINTS security officer employed by Defendant used excessive and unjustified force against Plaintiff, physically assaulting him without provocation.

113.     As a result of the security officer's actions, Plaintiff suffered physical injuries, emotional distress, and other damages.

114.     ALLPOINTS owed a duty to the public, including Plaintiff, to exercise reasonable care in hiring, training, and supervising its employees to ensure they acted lawfully and professionally.

115.     ALLPOINTS breached this duty by <u>Negligent Hiring:</u> Employing unqualified or improperly vetted security personnel, failing to conduct background checks, and/or hiring individuals with a history of excessive force or misconduct.

116.     ALLPOINTS breached this duty by <u>Negligent Training:</u> Failing to properly train its security officers on de-escalation techniques, use of force policies, First Amendment rights, and appropriate security protocols for public meetings.

117.     ALLPOINTS breached this duty by <u>Negligent Supervision</u> – Failing to monitor, discipline, or remove security personnel who engaged in excessive force or other misconduct.

118.     ALLPOINTS knew or should have known that its failure to properly hire, train, and supervise its security personnel would create an unreasonable risk of harm to individuals like Plaintiff.

119.     ALLPOINTS' negligent hiring, training, and supervision directly and proximately caused Plaintiff's injuries.

120.     As a result of ALLPOINTS's negligence, Plaintiff has suffered physical and emotional harm, pain and suffering, medical expenses, and other economic and non-economic damages.

WHEREFORE, the Plaintiff, JEDIDIAH BROWN, requests that judgment be entered against Defendant, ALLPOINTS SECURITY AND DETECTIVE, INC., and that this Court award him the following relief:

A. Compensatory damages, including medical and dental expenses, medical bills and treatment costs, and emotional distress / pain and suffering, in an amount to be determined at trial;

B. Punitive damages against all Defendants for their malicious and willful conduct;

C. Any such other further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
JEDIDIAH BROWN

By:  /s/ Matthew R. Custardo
One of his attorneys

CUSTARDO LAW, LLC
Matthew R. Custardo (ARDC #: 06329579)
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel: 630-557-1451
matthew@custardolaw.com

**VERIFICATION**

I, JEDIDIAH BROWN, am the Plaintiff in this action. I have read the foregoing Verified Complaint and am familiar with its contents. I declare under penalty of perjury under the laws of the United States that all the factual statements contained in the foregoing are true and accurate to the best of my belief and is based upon personal knowledge, except where expressly indicated otherwise.

Jedidiah Brown (Feb 12, 2025 23:32 EST)
JEDIDIAH BROWN

Matthew R. Custardo (ARDC #: 06329579)
CUSTARDO LAW, LLC
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel: 630–557–1451
matthew@custardolaw.com